IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARRIE VENNIE, *et al*.<br>*Plaintiffs*,<br><br>v.<br><br>MARYLAND TRANSIT<br>ADMINISTRATION, *et al*.<br>*Defendants*. | Civil Action No. ELH-19-03277 |

**MEMORANDUM**

In this tort action, plaintiffs Carrie Vennie and Cynthia Neely filed suit in the Circuit Court for Baltimore City against the Maryland Transit Administration ("MTA") and the United States Postal Service ("USPS"). ECF 2 ("Complaint"). Plaintiffs allege that they were passengers on an MTA bus that was involved in a motor vehicle accident with a USPS vehicle. *Id.* Further, they allege they suffered injuries as a result of defendants' negligence in causing the accident. *Id.*

On October 9, 2019, the MTA filed a cross-claim against the USPS alleging the USPS was negligent in operating the vehicle and thus it caused the accident. ECF 3. The United States of America, on behalf of the USPS, has since filed an answer to the MTA's cross-claim. ECF 27.

On November 14, 2019, the United States of America, on behalf of the USPS, removed the suit to federal court pursuant to 28 U.S.C. §§ 1441(a)(1) and 1442, as well as the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq*. ECF 1 ("Notice of Removal").[1]

---

[1] The defendants clarified that the United States of America, rather than the United States Postal Service, is actually the proper defendant to this action. ECF 26.

Thereafter, the United States filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (ECF 26), supported by a memorandum of law. ECF 26-1 (collectively, the "Motion").  In the Motion, the United States asserts that plaintiffs' Complaint is subject to dismissal on the ground of sovereign immunity, because plaintiffs did not exhaust their administrative remedies prior to filing the action.  ECF 26-1 at 2-3.  The United States' Motion and plaintiffs' opposition to the Motion are at issue here.

On March 17, 2020, plaintiffs filed an opposition to the Motion.  ECF 31. In their opposition, plaintiffs state: "Plaintiffs submit on the arguments contained in Defendant United States of America's Motion to Dismiss." *Id.*

Plaintiffs did not respond in substance to the Motion.  Therefore, they have waived any opposition to the defendant's argument. *See Stenlund v. Marriot Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) ("In failing to respond to [defendant's] argument, Plaintiff concedes the point."); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (same).

When a plaintiff fails to oppose a motion to dismiss, a district court is "entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted" in the motion.  *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004); *see also Ferdinand-Davenport*, 742 F. Supp. 2d at 777 ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim.").  Moreover, a district court has "the inherent authority . . . to dismiss a lawsuit sua sponte for failure to prosecute." *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).

In light of plaintiffs' failure to oppose the Motion, I will exercise my discretion to grant the Motion. Therefore, I shall dismiss plaintiffs' Complaint as to the USPS, without prejudice, and with the right to move for reconsideration.

An Order follows.

Date: August 7, 2020	/s/
	Ellen Lipton Hollander
	United States District Judge