IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARRIE VENNIE et al. | * |
| Plaintiffs, | * |
| vs. | *    Civil Action No. ADC-19-3277 |
| MARYLAND TRANSIT ADMINISTRATION et al. | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant, Maryland Transit Administration ("Defendant" or "MTA"), moves this Court for summary judgment (the "Motion") (ECF No. 56) on Plaintiffs Carrie Vennie and Cynthia Neely's ("Plaintiffs") Complaint (ECF No. 2). Plaintiffs did not respond to MTA's Motion. After considering the Motion, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). In addition, having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds that there are no genuine issues of material fact as to the claim asserted. Accordingly, the Court will GRANT MTA's Motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 2016, Plaintiffs were on a crowded MTA bus driven by Mr. Stephen Sydnor in Baltimore City, Maryland. ECF No. 2 ¶ 4; ECF No. 56-1 at 2. Ms. Vennie was seated, and Ms. Neely was standing. ECF No. 56-3 at 9; ECF No. 56-4 at 12–13. Mr. Sydnor serviced a bus stop and proceeded along Gay Street. ECF No. 56-1 at 4. While on Gay Street and with a green light, the bus proceeded into the intersection of Gay Street and Fallsway, but a United States Postal Service ("USPS") mail truck turned into the intersection from Fallsway, cutting off the bus. *Id.*

*See* ECF No. 2 ¶ 5. Mr. Sydnor then abruptly stepped on the brakes to avoid a collision. ECF No. 56-1 at 4. The abrupt stop caused passengers to fall, and Plaintiffs experienced "physical injuries and mental anguish." ECF No. 2 ¶¶ 6–7.

Plaintiffs brought this action for negligence against MTA and USPS in the District Court of Baltimore City on August 22, 2019. ECF No. 2 at 1. MTA filed a cross-claim against USPS on October 10, 2019. ECF No. 1 at 2. USPS then removed this action to federal court on November 14, 2019. *Id.* at 1. On October 19, 2021, MTA moved for summary judgment on Plaintiffs' claim. ECF No. 56. Plaintiffs did not respond.

## DISCUSSION

### A. Standard of Review

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphasis in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Anderson*, 477 U.S. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id. See Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the Court has drawn all reasonable inferences in favor of the nonmoving party and "the evidence is merely colorable,

2

or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

The Court must "thoroughly analyz[e]" any motion, even if it is unopposed, to determine whether summary judgment is warranted. *See Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 380 (4th Cir. 2013); *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 409 n.8 (4th Cir. 2010). The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

### B. Defendant's Motion for Summary Judgment

MTA argues that Plaintiffs have failed to provide any evidence that it was negligent when Mr. Sydnor stopped the bus suddenly to avoid a collision with a USPS vehicle. ECF No. 56-1 at 6, 11. The Court agrees. A claim for negligence requires plaintiff prove "1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of that duty."[1] *Steamfitters Local Union No. 602 v. Erie Ins. Exch.*, 469

---

[1] A district court properly applies the choice of law rule of the state in which it is located. *See Milton v. IIT Rsch. Inst.*, 138 F.3d 519, 521 (4th Cir. 1998). "Maryland adheres to the *lex loci delicti* rule in analyzing choice of law problems with respect to causes of action sounding in torts." *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Therefore, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Given

3

Md. 704, 727 (2020). "[I]t is not enough" for Plaintiffs to show Defendant was negligent; "it must be shown that this negligence was the direct and proximate cause of the injury." *Jones v. Baltimore Transit Co.*, 211 Md. 423, 426 (1956). Plaintiffs "bear[] the burden of showing that it was the negligence of [Defendant]," and not "the intervention of any independent factor[,] that caused the harm." *Id.* Previous cases rejected claims of negligence where a bus stopped suddenly as a result of a car or person entering the bus's path unexpectedly, even when assuming the bus was speeding. *See id.* at 425, 429; *Oliver v. Baltimore Transit Co.*, 247 Md. 625, 627–29 (1967) (concluding that "[s]ince there was no evidence on which to base a rational conclusion to support" the plaintiff's claim, directed verdict was proper); *Antoine v. Maryland Transit Admin.*, No. 1598, Sept. Term, 2016, 2017 WL 4536003, at *5 (Md.Ct.Spec.App. Oct. 11, 2017) (explaining that the "proximate cause of [the plaintiff's] injury was not the speed of the bus" but "the negligence of the woman who stepped in the street directly in front of the bus," causing the sudden stop). In accordance with Maryland traffic law, vehicles "facing a circular green signal[,] may proceed straight through" the intersection, whereas vehicles "facing a steady circular red signal" must stop. Md. Code Ann., Transp. §§ 21-202(b), (h)(1).

Here, it is undisputed that the bus proceeded into the intersection pursuant to a green light, that a USPS mail truck—without a green light or the right of way—cut the bus off, and that Mr. Sydnor suddenly and abruptly stepped on the brakes to avoid a collision. ECF No. 56-1 at 7; ECF No. 2 ¶¶ 4–6. Plaintiffs did not see what caused the bus to stop. *See* ECF No. 56-3 at 14–15; ECF No 56-4 at 14–15. However, Plaintiffs in their Complaint contend that a USPS vehicle "sped in front of [MTA's] vehicle in the intersection. ECF No. 2 ¶ 5. Moreover, Plaintiffs have not alleged

---

that the alleged harm occurred in Maryland, the Court will apply Maryland law to analyze this Motion with respect to Plaintiff's negligence claim.

4

that Mr. Sydnor was speeding (though that alone would not sustain their claims), nor that he failed to follow any traffic laws in operating the bus.

The uncontested evidence before this Court is thus: Mr. Sydnor was driving the bus according to Maryland traffic laws, a USPS mail truck, in violation of Maryland traffic laws, cut in front of the bus, and Mr. Sydnor quickly and abruptly stepped on the brakes to avoid a collision. Here, as in *Antoine*, the proximate cause of Plaintiff's injuries was not the quick stop, but rather the interference in the lane requiring the quick stop. *See* 2017 WL 4536003, at *5. Accordingly, Plaintiffs have presented no evidence to show a genuine dispute of material fact as to their negligence claim, thus MTA is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court finds that there are no genuine issues of material fact as to whether Defendant breached its duty of care to Plaintiff. Therefore, Defendant's Motion (ECF No. 56) is GRANTED. A separate order will follow.

Date: 8 November 2021

A. David Copperthite
United States Magistrate Judge

5